Next case is Corrine Hawkins v. Nalick and National Food Bank Mr. Larson Sir, when you're ready, please proceed May it please the court Counsel I'm here this morning on behalf of Corrine Hawkins to ask this court to correct an injustice There has been a harsh application of the law and we're seeking relief here One of the cases I cite is a Colorado case, it's called Thomas Sojournholm v. Life Insurance And in this case, Corrine's case, where the UCC conversion statute of limitations comes into effect This Colorado case held Whenever such conflicts between the rights of an individual to obtain or address Has come into conflict with the interests of the flow of commercial transactions Our public policy has favored the rights of the individual That's what I'm asking that this court do today Corrine Hawkins, her mother, Mrs. DeLuca, died in Cleveland in 2004 Corrine went out there and retained counsel to wind up the estate She didn't get prompt enough action from the Cleveland lawyers So in the spring of 2006, Corrine hires Dennis Nalick, who's an orphan lawyer, to help her recover her inheritance In August of 2006, Nalick receives from the Cleveland executor a check in the amount of $137,000 some odd And forged Corrine's endorsement and deposited it in his account Nalick then continues to mislead Corrine And through a variety of subterfuges, she doesn't know that this check was received and that it was a forged endorsement and negotiated After a long time without a satisfactory recovery from Nalick, she hires another lawyer And she and I found out in March of 2010 that there had been a distribution, that this check had been forged, that it had been negotiated, and so forth In April the 23rd of 2011, 2010, suit was filed against Nalick and against the bank in which the check was deposited We also called the police. Nalick was indicted in June of 2010. He was suspended from practice in July of 2010 He pled guilty until January of 2011. He was scheduled for sentencing in July of 2011 On the day he was to appear, he suicided There's no dispute, is there, that she did not discover the forgery until more than three years had passed from the forgery? There's no dispute about that? No dispute about that Didn't discover it at all? No One of the issues, and for a while I tried to plead that there was fraudulent concealment, but that's not the fact and that's not the law here Fraudulent concealment implies some kind of activity on the part of the defendant for which the defendant would be stopped to plead the statute Here, so far as I know, the defendant didn't do anything wrong, but neither did Corey So the statute... But if the defendant didn't do anything wrong, how is the defendant liable? Because, well, because the defendant did accept the forged endorsement, if the claim would have been made within three years, the bank would have been liable So the bank did wrong in... But they didn't know. They had no idea That's correct The discovery rule doesn't extend the statute of limitations because they didn't know about it The discovery rule... I think this is really wrong. Trust me, I think we all think this is really wrong, what happened to this lady by her attorney But we're dealing with the issue of the bank's responsibility If Corey would have known within three years and made a claim, the bank would have been responsible And it may very well be that the bank would have proceeded with the Cleveland Bank, whatever the claims are The statute of limitations says when the cause of action accrues, not when the wrongful act occurred It's when the cause of action accrues And there's quite a body of law in Illinois and elsewhere on various exceptions which essentially are a discovery rule In Illinois, in the 5th district, there was a case called Field, which is where a sister is taking a bunch of dad's pension checks And banking them and then using some of the money And there were three questions that were presented to this court then The first was, is the series of checks a continuous transaction? The second question is, is it a five-year statute of limitations? And then three, is it a discovery kind of a case? This court found that that continuing series of transactions brought it within what they considered the five-year statute of limitations Although it's meant that in Illinois it's not clearer that it is a three-year rather than a five-year statute But in Illinois, it seems like the leading case in this area is this Haddad case from the 4th district And Haddad is factually so dissimilar from a case like Taurine's Haddad is a case where a Michigan company has a contract with the state They open an office at Springfield They do business with the state through the Springfield office And they say, send the money to Michigan But the money gets sent to Springfield and the office manager diverts and forges it That's certainly a case where the plaintiff knew or should have known The plaintiff was stupid The plaintiff was careless If, as a lawyer, if my bookkeeper is making her car payments out of my account, shame on me I don't think anybody disputes that But if my lawyer, in some other matter, diverts the money and sells me a bill of goods I'm dealing with somebody that would be in a fiduciary responsibility to me That is totally separate from an agent or an employee The briefs talk about agency and lawyers are agents and so forth Well, true But Nellick was not Taurine's agent to steal, forge, and so forth Nellick was a fiduciary with regard to this matter that he undertook to act for her And between these parties, the only reason that we're here The only reason Taurine has not recovered is that there is a four-district case that says That there is no discovery rule in the UCC in this section Obviously, as the briefs fill out, the majority of cases in the majority of jurisdictions reflect that But neither logic nor common sense really requires that Most of those cases, like Haddad, or a lot of cases seem to defer to a case from Iowa called Husker Husker is a case that's a newspaper company where the salesman for the newspaper is collecting checks from customers Ads and whatnot, and then, again, diverting the money Those are cases where the plaintiff could have discovered The plaintiff is, as it were, in some fashion, negligent or careless It's not necessary in those cases to say there's no discovery rule It's just clearly that cause of action accrued Those plaintiffs knew or should have known well within the three years When I went to law school in the late 60s, that was LBJ and the Great Society And I thought that lawyers were equipped to, in some fashion, right some of the social wrongs in the country In a way, that's what I'm asking this court to do today Regardless of the commercial practices of negligent companies and not monitoring their bookkeepers In this kind of case, where a widow has been cheated by a lawyer and lied to And let it, beyond the three years, she should be able to recover against the bank Thank you And is it Mr. Landwehr? Landwehr Landwehr Landwehr Okay, okay Landwehr is fine, thank you Thank you, when you're ready, please proceed Thank you May it please the court My name is Matt Landwehr I represent the appellee, the defendant, National City Bank The law in the state of Illinois on this issue is well set And the state of Illinois, in two previous cases, one out of the fourth district, the Hadass case that Mr. Larson spoke about And also in a 2007 case, Kidney Cancer Association, reaffirmed the law of the state of Illinois And acknowledged that it reflects the overwhelming majority of jurisdictions that have touched on this issue Mr. Larson stated correctly that in this situation, we have basically two victims here We have Ms. Hawkins and the bank that were both tricked by this attorney And what the issue before this case is, in this UCC section that deals with conversion of negotiable instruments That sets forth a statutory framework of how losses are allocated and burdens are shifted What policy overrides and we need to look at what the drafters of the UCC were thinking about when they set this up And all the cases that have come to this conclusion, the overwhelming majority of cases Have acknowledged what Mr. Larson has talked about here today That in some cases, the not applying the discovery rule can lead to a harsh result And so the argument that Plamp is making here is the same argument that has been made in all these other cases What are the policy reasons behind allowing the harsh result? The policy behind the adoption of the UCC was to create a uniform statute across the country That would govern commercial transactions And in particular with respect to negotiable instruments To make negotiable instruments be as equivalent to cash as possible To allow the free flow of commerce And in setting forth these rules and time frames, they're designed to promote finality in commercial transactions That liability couldn't be open-ended So for example, if you had a scenario where someone didn't discover conversion for 12 years or 13 years You wouldn't have a bank 12 or 13 years later being subject to a claim on a check And what would be the terrible thing that would happen if a bank was liable on a check 12 years later? Well, the concept behind what these cases acknowledge is that on a case-by-case instance Sure, it's hard to say that one case in one jurisdiction is going to bring the downfall of the banking industry I mean, that's not the point The point is these rules are set up to promote predictability in commercial transactions So on a case-by-case basis, sure, an argument can be made that, well, this case will let this one slide Or will let this one slide But the idea behind the UCC is to create this uniform law And this is what the legislature considered when it enacted the UCC And the purpose behind setting forth a strict cutoff for check claims Is it's kind of like a trade-off, a legislative trade-off In the sense that, as Mr. Larson noted, you know, despite the bank being innocent and not knowing about the fraud here If the claim were brought in three years, regardless of whether the claimant was negligent and not discovering it Or regardless of any other factors, regardless of whether the bank had some kind of intent or the bank was negligent Regardless of all that, it's basically strict liability within the three years And the trade-off for that is that if you're outside the three years, it's over It's a bright-line rule All right, personal injury claims, the legislature has determined two years is the statute of limitations And the discovery rule, however, has been applied to that And there are all kinds of policy reasons to have a cutoff for the statute of limitations in a personal injury case How is the commercial transaction in the banking industry different? I mean, what are the policy reasons that are more overriding than in a personal injury claim? That's a good question. It's the nature of the injury. That's the difference And so in a medical malpractice case or a lawyer malpractice case or something like that The nature of the injury may not be immediately apparent It may not be ascertainable for some people In a conversion case, in the Haddad's case, and I've noted this in sort of the kidney cancer case The damage occurs at the time of conversion It's done. It's set. That's the point And in these other types of cases where the discovery rule has been applied What the courts do is they decide, well, if the injury, you know, let me put it this way The innocence of the victim is not the consideration when you're looking at the discovery It's the nature of the injury And in a conversion case, the injury occurs at the moment that the check is negotiated You will agree, though, won't you, that in Haddad and these other cases It's a different type of factual circumstance I mean, the money that should have gone into that account didn't go in And they had an opportunity to discover or notice if they'd have been paying much attention to it But we don't have that in this case at all, do we? Well, Your Honor, I disagree with that in the sense of whether there was an opportunity to discover the conversion Legally and factually, with respect to Ms. Hawkins, that's not happening Because legally speaking, as the attorney-in-principal relationship Which in kidney cancer, that case, granted it involved an executive of a company And the company, but it's still principal agent in the nature of the relationship  And legally speaking, an agent, a client, has an obligation to monitor the activities of her attorney So that's the first thing Well, aren't the facts in this case that she made numerous requests Where's my money? Why haven't you got it yet? And the attorney lied to her over and over about it And he being her attorney, she accepted those lies Those facts are not before the court and weren't before the circuit court But in her deposition, that's what she said Now, the point is, factually speaking, she actually did have the opportunity to find out what happened And the facts actually lead us to that conclusion Because that's what happened in this case National City Bank didn't discover the conversion and bring it to her attention She hired Mr. Larson after she had waited long enough and got fed up with Malik And hired Mr. Larson to look into it And so the fact is, she had the ability to discover the fraud Just like the plaintiffs in all these other cases And so, in all these cases, the victim is innocent What the courts have decided is that we're not going to create kind of a sliding scale To decide whether one plaintiff is more innocent than the other Innocence is not the issue The issue is, you balance the equation about the policy goals of the SWIFT We don't want checks open-ended And that's the rule that's been set here in Illinois In the overall majority of the case Clarify something for me Ms. Hawkins didn't have any account at National City Bank That's exactly right That's correct And so the attorney walks in and has an endorsed check Which he fraudulently endorsed To put into his account Well, you've got to look at the check Didn't go into an account for her It went into his account That's correct So didn't the bank have some responsibility at that point? Inquire? I'm supposed to put this in an interest-bearing account Will your client be coming in? Because it's her money And you've just presented it to your personal account His office account, I believe Is that right? Well, yes The way the check was endorsed is It was endorsed for M. Hawkins Pay the order of Dennis Mallet, P.C. So that's how the endorsement was That type of endorsement is recognized in the U.C.C. as a legitimate endorsement And this further states To go into an account for the client Not into his personal Well, it's not a personal account It's Dennis Mallet, P.C. Which would be his His office account Right, his office account Which, you know, that The point here is that That type of endorsement is not of such a nature That is so unusual That the bank would be required to question it And then the second point Is that Hawkins, as between National and Citibank Is a complete stranger And the case is And we've cited this This was an argument that was made below But isn't really right I mean, it's an argument on appeal But it hasn't raised the briefs A non-customer payee Which is a complete stranger to the bank The bank does not owe any kind of duty of care Or, you know, a duty of care obligation to inquire And there's a uniformed fiduciaries act That covers all this And I hope that answers your question Mr. Larson cited Well, in his initial brief He didn't cite any one case That would support the conclusion He wants this court to reach In his reply brief He cites the Sternholm case And so I haven't had an opportunity To respond to that in writing But I'd like to address it here The Sternholm case was a 1987 case out of Colorado That is easily distinguishable from the facts First, it was pre-Article 3 of the UCC And the revised law So it came out before this Three-year no-discovery rule mechanism Was created anyway Secondly, in Colorado They had adopted a six-year statute of limitations The legislature That specifically said In conversion claims The discovery rule applies So it's apples to oranges With respect to what this court's Legislative history is on the discovery rule And third, which I think is important Is the Sternholm case Was raised in the Haddad's case And the Haddad's case Acknowledged the Sternholm case As being an outlier That has gone this way And the Haddad's case And the kidney cancer case After that has decided That we're not going that way We're going with the majority So the Sternholm case Is easily distinguishable on those grounds And then a fourth point Is the facts in Sternholm Do not mimic the facts here So the Colorado court Didn't make a decision That the Sternholm plaintiff Was so more innocent than the others And so they didn't make the decision On those grounds They made it on a ground Based on the statute of limitations In their state Says no discovery rule applies So I think that case Is easily distinguishable And that's the only case That Mr. Larsen says The Haddad's case Noted two other jurisdictions That held similarly New Jersey being one of them Well New Jersey has since Gone the other way In this New Jersey lawyers fund case That I cited in my Respondents brief Or Applebee's brief And that case I think Is particularly instructive For this court Because it did involve The exact same factual scenario That we're dealing with here Where a lawyer Takes money Converts checks That belongs to his clients Clients don't find out Until after a limitations period Has run And they bring the claim And if you read the opinion The arguments basically Be verbatim from Mr. Larsen's brief That as the client I had no ability to check On what my attorney was doing And what the court found In that case is That is a harsh result We understand that But it falls into this category Of unsuspecting victims That the Haddad's case And actually that case Cited to the Haddad's case As a correctly decided case And I've cited The UCC commentators And it is An overwhelming majority Of jurisdictions That adopt this rule And so that's the law And I suggest That this court should do the same One other argument That Mr. Larsen made in his brief That I don't think he raised Here before this court But I do want to address it Briefly Is the statutory construction argument And what Mr. Larsen argued In his brief Is that under a second section Of article one of the UCC Which kind of states The general rules That one of the rules Is the common law Of the state Is not abrogated by the UCC In that sense But it supplements the UCC And Mr. Larsen's point there Was that because the discovery rule Is the common law rule That the UCC necessarily Intended to adopt the discovery rule And my rebuttal to that point Is first of all With respect to conversion claims Because the discovery rule Is not the rule And it never has been the rule There's not one single case In the state of Illinois With long, proud history That has adopted the discovery rule And applied it to conversion And I suggest It's for the reasons That you and I discussed, Your Honor About the nature of the injury And how the injury occurs In a conversion So there's not one case So the common law Is no discovery rule And so therefore 103 supports our position In this case That the court should not Infer a discovery rule In a situation like this The second point And I'm going to butcher this Because I wasn't allowed to The expressio guneus Exclusio alterius That's a tongue twister But basically what that means For those who aren't aware of this Is that the mention of one Is the exclusion of the other And in Article 3 So again, the UCC Has nine articles That cover various topics In Article 3 Which is the article That we're dealing with here In a later section That deals with Transfer warranties Which have to do with Transferring checks on the back end That those two statutes 416 and 417 Specifically adopted A discovery rule With respect to those warrants In that limited situation And so the legislature Clearly could have said Like Colorado did We want the discovery rule To apply at check conversion But they haven't done it And so if the court Has a note for the questions I'll sit down Thank you Thank you Rebuttal With regard to the question About the check The check was Estate of Claire DeLuca Thomas F. O'Malley Senior Executor Pay to the Order Corrine Hawkins In the memo line It says distribution And then it's signed By Thomas F. O'Malley And then it's Endorsed Corrine Hawkins Pay to the Order Dennis and Alec P.C. But the check is Clearly from an estate And it is labeled A distribution Of I mean we're not We're not seeing any liability issues Though any I mean you're here fighting For the opportunity To make a claim That the bank was liable I mean we're not We're not to any liability The case was dismissed On statute of limitations grounds Right? So we could We could assume That the bank was Totally wrong Well yes And one of the counts Did go into some detail About the bank's Alleged negligence And all of that Got sent out With the summary And judgment Here too late In The New Jersey PACE case Which cited Which Mr. Landler Mentioned The Supreme Court Took a look At that same case And Essentially said We're going to Affirm The appellate court Because This is a Subrogation case It's the fund debt That Reimbursed The victims Versus the bank Whether The victims Would have made their claims Is another question We don't have that question So they Based on the kind of Entity the plaintiff was The New Jersey Supreme Court Affirmed That decision On trying to collect With that Dishonest New Jersey lawyer In The Sojournal case The issue Was Of First Impression In Colorado Because Of the date The incidents Occurred The Colorado had Subsequently Enacted A A UCC Provision With a discovery Kind of a rule But Back when the Events Occurred Including the forgery There was no Specific Rule So it was a First impression Case And it wasn't That the Colorado Statute Was different As much as The values And interests Were way Different there Now I think the court Is very aware That Congress Takes place In Colorado That there is Some uncertainty About Whether or not There's a discovery Rule And some fraudulent Endorsements Hasn't kept Colorado Doing business And prospering And so forth I'm beating An obvious Dead horse But the point is Those values That were talked About The importance Of Sacrificing An occasional Victim For purposes Of Banking Certainty Our Country And our Society Works Without Sacrificing Those Occasional Victims To the Certainty Of the UCC And that's Our position Thank you Thank you both For your arguments And briefs And we'll take The matter Under advisement Provide you With a decision Thanks again We're going to Take a short Break  Thank you  Thanks Thank you Thanks Thanks Thanks Thanks